UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV-04-1358 CAS (SSx) | | Date | June 6, 2005 |
|---|---|---|---|---|
| Title | PERFUMEBAY.COM, INC., a California corporation v. EBAY, INC., a Delaware corporation | | | |

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| CATHERINE JEANG | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:** (1) PLAINTIFF PERFUME BAY'S FIRST MOTION IN LIMINE: TO PRECLUDE PHILIP JOHNSON FROM TESTIFYING ON THE ISSUE OF ACTUAL DILUTION
(filed May 16, 2005)

(2) PLAINTIFF PERFUME BAY'S SECOND MOTION IN LIMINE: TO PRECLUDE KENNETH B. GERMAIN, ESQ. FROM TESTIFYING ON THE ULTIMATE ISSUES [OF] LIKELIHOOD OF DILUTION AND LIKELIHOOD OF CONFUSION
(filed May 16, 2005)

I.  INTRODUCTION

     The facts and background of this case are set forth in the Court's order denying the parties' motions for summary judgment dated April 4, 2005 ("April 4, 2005 Order").  On May 16, 2005, plaintiff Perfumebay.com, Inc. ("PB") filed two motions in limine, one to preclude Philip Johnson ("Johnson") from testifying on the issue of actual dilution, and the second to preclude Kenneth B. Germain, Esq. ("Germain") from testifying on the ultimate issues of likelihood of dilution and likelihood of confusion.  On May 23, 2005, defendant Ebay, Inc. ("Ebay") filed oppositions to PB's motions.  PB's motions are presently before the Court.

II. **PLAINTIFF PERFUME BAY'S FIRST MOTION IN LIMINE: TO PRECLUDE PHILIP JOHNSON FROM TESTIFYING ON THE ISSUE OF ACTUAL DILUTION**

     PB seeks to exclude the expert survey report and testimony of Johnson on the issue of actual dilution.  PB argues that the report is irrelevant and inadmissible pursuant to Federal Rule of Evidence 403 because it lacks probative value.  Mot. No. 1 at 2.  Specifically, PB

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-04-1358 CAS (SSx) | Date | June 6, 2005 |
|---|---|---|---|
| Title | PERFUMEBAY.COM, INC., a California corporation v. EBAY, INC., a Delaware corporation | | |

contends that Johnson's report and testimony can arguably establish no more than a mental association between PB and Ebay and that mental association alone is not sufficient to demonstrate actual dilution under Moseley v. V Secret Catalogue, Inc., 537 U.S. 418 (2003). Id. at 2-3. PB asserts that the probative value of Johnson's report and testimony is minimal, even if used to demonstrate the strength of Ebay's mark, rather than actual dilution. Id. at 4.

Ebay responds that Moseley does not preclude Johnson's report and testimony because "[Moseley] teaches that survey evidence testing the association in the relevant marketplace between the famous maker and the imitator, coupled with a qualified expert's opinion that the survey results demonstrate that dilution is occurring, as eBay seeks to offer here, is relevant and admissible to show actual dilution." Opp'n No. 1 at 1, 5-7. In particular, Ebay argues that Johnson's survey report and testimony will establish more than mental association of the parties' marks. They will provide evidence that PB's mark actually does dilute Ebay's mark. Id. at 7. Further, Ebay contends that Johnson's report and testimony are relevant to establish a likelihood of confusion with respect to Ebay's state law dilution claim. Id. at 8. Moreover, Ebay contends that Johnson's evidence establishes actual confusion as well as the strength of Ebay's mark. Id. at 9.

Although Moseley holds that only certain types of evidence may adequately demonstrate actual dilution, the Court is not persuaded that Johnson's survey results and testimony are entirely irrelevant to the actual dilution inquiry, particularly when proffered in conjunction with other evidence of actual dilution. Moreover, it appears that Johnson's survey evidence may also be relevant to prove elements of PB's other claims. Accordingly, the Court denies PB's motion without prejudice to its being renewed at trial. However, the Court finds that the question of whether consumers are likely to be confused is an ultimate fact for the jury and may not be the subject of expert testimony at trial.

### III. PLAINTIFF PERFUME BAY'S SECOND MOTION IN LIMINE: TO PRECLUDE KENNETH B. GERMAIN, ESQ. FROM TESTIFYING ON THE ULTIMATE ISSUES [OF] LIKELIHOOD OF DILUTION AND LIKELIHOOD OF CONFUSION

PB seeks to exclude the report and testimony of expert witness Germain pursuant to Federal Rules of Evidence 702 and 704. Mot. No. 2 at 2. PB argues that Germain's testimony is inadmissible because it consists of legal opinions regarding ultimate issues in the case. Id. at 3-4.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV-04-1358 CAS (SSx) | Date | June 6, 2005 |
|---|---|---|---|
| Title | PERFUMEBAY.COM, INC., a California corporation v. EBAY, INC., a Delaware corporation | | |

Ebay responds that Germain's testimony is admissible because it conveys Germain's specialized knowledge of trademark law which will "provide an analytical framework for the trier of fact to use in assessing and considering the evidence presented at trial without which the trier may not be able to understand the significance of the evidence presented on initial interest confusion and likely dilution." Opp'n No. 2 at 5.

Federal Rule of Evidence 702 provides in pertinent part that: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto...." Fed. R. Evid. 702. Having reviewed Germain's report, it appears that Germain's report and anticipated testimony attempt to provide legal conclusions and instruction on the law. Because the Court does not believe that this information will assist the trier of fact to understand evidence or to determine a fact in issue, the Court grants PB's motion.

## IV. CONCLUSION

For the reasons discussed herein, the Court DENIES PB's first motion in limine and GRANTS PB's second motion in limine.

IT IS SO ORDERED.

00 : 37

Deputy Clerk