ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
NOV 10 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Perfumebay.com, Inc. <br>    a California corporation <br>    Plaintiff, <br>    Counterclaim Defendant <br><br> vs. <br><br> eBay, Inc., <br>    a Delaware corporation <br>    Defendant, <br>    Counterclaimant | No. CV 04-1358-WDK (SSx) <br><br> **JUDGMENT**  |

This matter having been tried to the Court and, after due consideration, the Court having rendered its Findings of Fact and Conclusions of Law on September 21, 2005, as amended, November 10, 2005, supporting the issuance of an injunction as set forth below, **IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that:

1. Plaintiff and Counterclaim Defendant PERFUMEBAY.COM, INC. ("PB") is entitled to judgment against Defendant and Counterclaim Plaintiff EBAY, INC. ("EBAY") on the following counts:

    a. As to PB's claims:

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).



        i. Count I, for Declaratory Relief re Trademark Infringement, as to the use of the two word iteration of its mark "Perfume Bay," and to the "starfish logo," (with or without the accompanying slogan, "where perfume lovers go"):

> where perfume lovers go™
> **PERFUME BAY**

        ii. Count II, for Declaratory Relief re Trademark Dilution as to all iterations of PB's name and mark.

   b. As to EBAY's counterclaims:

        i. EBAY's First Count for Federal Trademark Infringement as to the use of the two word Perfume Bay mark, and the logo set out above.

        ii. EBAY's Second Count for Federal Trademark Dilution.

        iii. EBAY's Third Count for False Designation of Origin as to the use of the two word Perfume Bay mark, and the logo set out above.

        iv. EBAY's Fourth Count for Breach of Contract.

        v. EBAY's Fifth Count for Refusal of Trademark Registration.

        vi. EBAY's Sixth Count for Common-Law Trademark Infringement as to the use of the two word Perfume Bay mark, and the logo set out above.

        vii. EBAY's Ninth Count for California State Law Trademark Dilution.

2. EBAY is entitled to judgment against Plaintiff and Counterclaim Defendant PB on the following counts:

   a. As to PB's claims:

        i. PB's Count I for Declaratory Relief re Trademark Infringement as to any use of the Perfume Bay mark when depicted as a single word

       (*e.g.*, PERFUMEBAY.COM, INC.; PerfumeBay; PerfumeBay.com; perfumebay.com).

  b. As to EBAY's counterclaims:

    i. EBAY's First Count for Federal Trademark Infringement as to the use of the Perfume Bay mark when depicted as a single word.

    iii. EBAY's Third Count for False Designation of Origin as to the use of the Perfume Bay mark when depicted as a single word.

    vi. EBAY's Sixth Count for Common Law Trademark Infringement as to the use of the Perfume Bay mark when depicted as a single word.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that PB, its officers, agents, servants, employees, and attorneys, and those persons or entities under their control and in active concert and participation with them who receive actual notice of this Order by personal service or otherwise, are hereby **PERMANENTLY ENJOINED** from the commercial use of Perfume Bay when depicted as a single word. It is provided, however, that PB shall not be precluded from the use of the words PERFUME and BAY when those words are not conjoined. Further, the words PERFUME and BAY may be used as part of an Internet address or Uniform Resource Locator ("URL"), provided the words are separated by a space or underscore (i.e. "www.perfume_bay.com").

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that EBAY, its officers, agents, servants, employees, and attorneys, and those persons or entities under their control and in active concert and participation with them who receive actual notice of this Order by personal service or otherwise, are hereby **PERMANENTLY ENJOINED** from displaying the name, mark, or word "Perfume Bay," regardless of capitalization, font, or stylization, in the heading or text of any advertisement, including but not limited to, a sponsored link or banner advertisement that is generated as a result of a search on an Internet search engine. It is provided, however, that this injunction

shall not prohibit EBAY's use of the Perfume Bay mark in truthful, non-confusing, comparative advertising.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that the parties shall have until December 2, 2005 to comply with these respective injunctions. Provided, however, that Perfume Bay may continue make commercial use of the URL "www.perfumebay.com" solely as a "forwarding URL" until March 21, 2006.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that the parties shall deliver a copy of this Order for Permanent Injunction to each of their employees, agents, and representatives (including, without limitation, Internet advertising "affiliates") having responsibility with respect to the subject matter of the injunctions contained herein.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that the each party shall bear its own fees and costs in this action.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that each party shall provide the Court with a detailed report, explaining the measures taken to comply with the injunctions contained herein, by January 21, 2006.

**IT IS SO ORDERED.**

DATED: This 10th day of November, 2005

WILLIAM D. KELLER
United States District Judge